UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
LUIS JIMENEZ BELLIARD, JOSE JIMENEZ BELLIARD, and ENMANUEL CASTILLO BAEZ, on behalf of themselves and all others similarly situated,

    Plaintiffs,

-against-

WESTCHESTER METAL WORKS INC., WESTCHESTER METAL WORKS II INC., OLIVEIRA FARMS INC., SUSANA OLIVEIRA, and DAVID OLIVEIRA,

    Defendants.
---------------------------------------------------------------------- X

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Luis Jimenez Belliard, Jose Jimenez Belliard, and Enmanuel Castillo Baez (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, by their attorneys Pechman Law Group PLLC, complaining of defendants Westchester Metal Works Inc., Westchester Metal Works II Inc., Oliveira Farms Inc. (collectively, "Westchester Metal Works"), Susana Oliveira, and David Oliveira, (together with Westchester Metal, referred to as "Defendants") allege:

## NATURE OF THE ACTION

1. Plaintiffs worked as welders, painters, steel detailers, and iron workers for Westchester Metal Works, a "fabricator and erector of miscellaneous metals and steel component for the construction industry." (http://westmetals.net/wordpress/about/). Defendants paid Plaintiffs at the same hourly wage rate per hour worked, including hours worked over forty per workweek, and failed to pay Plaintiffs at the applicable prevailing wage rates with supplemental benefits for their work on public work projects. Plaintiffs did not receive accurate wage statements accompanying each payment of their wages or wage notices when they were hired or whenever their rates of pay changed.

2. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former employees of Westchester Metal Works who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), specifically 29 U.S.C. § 216(b), seeking to recover the wages Defendants failed to pay them in violation of the FLSA.

3. Plaintiffs, as class representatives, also bring this action on behalf of themselves and all similarly situated current and former employees of Westchester Metal Works in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to recover the wages Defendants failed to pay them in violation of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, supporting New York State Department of Labor Regulations, and the New York State common law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiffs**

6. Luis Jimenez Belliard is an individual who resides in Westchester, New York.

7. Defendants employed Luis Jimenez Belliard as a welder from approximately 2012 to approximately April 2020.

8. Jose Jimenez Belliard is an individual who resides in Westchester, New York.

9. Defendants employed Jose Jimenez Belliard as a painter from approximately January 2014 to approximately March 27, 2020.

10. Enmanuel Castillo Baez is an individual who resides in Westchester, New York.

11. Defendants employed Enmanuel Castillo Baez as an iron worker from approximately May 2013 to approximately July 2020.

**Westchester Metal Works**

12. Together with the individual Defendants, Defendants Westchester Metal Works Inc., Westchester Metal Works II Inc., Oliveira Farms Inc. have owned and/or operated Westchester Metal Works located at 55 Knowles Street, Yonkers, New York 10705.

13. Defendants Westchester Metal Works Inc., Westchester Metal Works II Inc., Oliveira Farms Inc. (collectively, "Westchester Metal Works") jointly employed Plaintiffs.

14. Westchester Metal Works Inc., Westchester Metal Works II Inc., Oliveira Farms Inc. are the corporate entities that at different times have appeared on Plaintiffs' paystubs.

15. According to the New York State Division of Corporations, the principal executive office of Westchester Metal Works Inc., Westchester Metal Works II Inc., and Oliveira Farms Inc. is 55 Knowles Street, Yonkers New York 10705.

16. Westchester Metal Works is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

17. Westchester Metal Works has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18. In the three years preceding the date this Complaint was filed, Westchester Metal Works had an annual gross volume of sales in excess of $500,000.

**Susana Oliveira**

19. Together with other Defendants, Defendant Susana Oliveira has owned and/or operated Westchester Metal Works within the six years preceding the filing of this Complaint.

20. Within the six years preceding the filing of this Complaint, Susana Oliveira has been an owner and operator of Westchester Metal Works.

21. Susana Oliveira has had and exercised power over personnel decisions at Westchester Metal Works, including the hiring and firing of employees, the setting of their wages, and otherwise controlling the terms and conditions of their employment.

22. Throughout this period, Susana Oliveira has had and exercised power over payroll decisions at Westchester Metal Works, including the retention of time and/or wage records.

23. Susana Oliveira distributes wages to Plaintiffs on a weekly basis.

24. Susana Oliveira has been actively involved in managing the day-to-day operations of Westchester Metal Works.

25. Susana Oliveira signed a letter dated May 5, 2020 as President of Westchester Metal Work II Inc. that was given to Plaintiff Jose Jimenez Belliard informing him that he is an "essential employee" and was required to report to work as the company had reopened as of April 20, 2020 because "our project at Pier 55 became a NYS essential project."

26. Susana Oliveira identifies herself as the "President at Westchester Metal Works, Inc." on her business card and personal LinkedIn page.

27. Susana Oliveira is identified as the "Chief Executive Officer" on the New York State, Division of Corporations, Entity Results webpage for Westchester Metal Works Inc. and Westchester Metal Works II Inc.

28. Susana Oliveira has had the power to stop any illegal pay practices that harmed Plaintiffs.

29. Susana Oliveira has had the power to transfer the assets and/or liabilities of Westchester Metal Works.

30. Susana Oliveira has had the power to enter into contracts on behalf of Westchester Metal Works.

31. Susana Oliveira is a covered employer within the meaning of the FLSA and the NYLL, and throughout the six years preceding the filing of this Complaint, has employed and/or jointly employed Plaintiffs.

**David Oliveira**

32. Together with other Defendants, Defendant David Oliveira has owned and/or operated Westchester Metal Works within the six years preceding the filing of this Complaint.

33. Within the six years preceding the filing of this Complaint, David Oliveira has been an owner and operator of Westchester Metal Works.

34. Within the six years preceding the filing of this Complaint, David Oliveira has had and exercised power over personnel decisions at Westchester Metal Works, including the hiring and firing of employees, the setting of their wages, and otherwise controlling the terms and conditions of their employment.

35. David Oliveira has had and exercised power over payroll decisions at Westchester Metal Works, including the retention of time and/or wage records.

36. David Oliveira has been actively involved in managing the day-to-day operations of Westchester Metal Works.

37. For example, David Oliveira visited the job sites to supervise the Plaintiffs' work and the progress of projects.

38. David Oliveira has had the power to stop any illegal pay practices that harmed Plaintiffs.

39. David Oliveira has had the power to enter into contracts on behalf of Westchester Metal Works.

40. David Oliveira has had the power to close, shut down, and/or sell Westchester Metal Works.

41. David Oliveira is a covered employer within the meaning of the FLSA and the NYLL, and throughout the six years preceding the filing of this Complaint, has employed and/or jointly employed Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiffs bring their FLSA claims on behalf of themselves and all similarly situated persons who work or have worked as non-exempt employees at Westchester Metal Works and who elect to opt-in to this action (the "FLSA Collective").

43. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective.

44. Consistent with Defendants' policy and pattern or practice, Plaintiffs and the FLSA Collective were not paid overtime wages at the correct rate for all hours worked beyond forty per workweek.

45. All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

46. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiffs

and the FLSA Collective, overtime wages for all hours worked in excess of forty hours per workweek.

47. Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective one and one-half times their regular and required hourly wage rates for all hours worked in excess of forty per workweek.

48. There are over fifty similarly situated current and former non-exempt employees who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS**

49. Plaintiffs bring their Second, Third and Fourth Claims asserted herein arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves, as class representatives, and all other persons who worked as welders, painters, iron workers, or steel detailers, or in any other non-exempt position for Westchester Metal Works (the "NYLL Subclass").

50. Plaintiffs brings the Fifth Claim asserted herein under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves as class representatives and all persons who worked as welders, painters, iron workers, or steel detailers at any of Westchester Metal Work's public work projects within the six years prior to the filing of this Complaint (the "Prevailing Wage Subclass") (collectively with the NYLL Subclass, referred to as "The Rule 23 Class")

51. The Rule 23 Class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

52. There are more than fifty Rule 23 Class members.

53. Plaintiffs' claims are typical of those claims that could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

54. Plaintiffs and the Rule 23 Class have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Rule 23 Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class.

55. Plaintiffs are able to fairly and adequately protect the interests of the Rule 23 Class and have no interests antagonistic to the Rule 23 Class.

56. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

57. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

58. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing

the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

59. The prosecution of separate actions by individual Rule 23 Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

60. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiffs and the Rule 23 Class members individually and include, but are not limited to, the following:

(a) whether Defendants correctly compensated Plaintiffs and the Rule 23 Class for hours worked in excess of forty per workweek;

(b) whether Defendants correctly compensated Plaintiffs and the Prevailing Wage Subclass at prevailing wage rates for all hours worked and provided supplemental benefits;

(c) whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with proper annual wage notices, as required by the NYLL;

(d) whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with accurate wage statements, as required by the NYLL;

(e) whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(f)  the nature and extent of class-wide injury and the measure of damages for those injuries.

**PLAINTIFFS' FACTUAL ALLEGATIONS**

**Defendants Failed to Pay Plaintiffs Overtime Pay**

61. Plaintiffs Luis Jimenez Belliard's work duties included fabricating and assembling metal structures at the Westchester Metal Works warehouse located at 55 Knowles Street, Yonkers NY 10705.

62. Plaintiff Jose Jimenez Belliard's work duties included painting and polishing metal pieces with pistols and brushes.

63. Throughout their employment, Luis Jimenez Belliard and Jose Jimenez Belliard worked Monday to Friday, from 7:00 a.m. to 4:30 p.m., and Saturday from 7:00 a.m. to 1:00 p.m., for approximately fifty-three and a half hours per week.

64. Depending on the volume of business, Plaintiffs Luis Jimenez Belliard and Jose Jimenez Belliard were occasionally required to work until 6:00 p.m. on weekdays for an additional seven and a half hours per week.

65. For example, for the workweek of June 3, 2019 through June 8, 2019, Luis Jimenez Belliard worked fifty-five hours and fifty-nine minutes.

66. Defendants did not pay Plaintiffs, and other non-exempt employees one and one-half times their regular hourly wage rate for hours worked in excess of forty per workweek.

67. Rather, Defendants paid Plaintiffs and other non-exempt employees including welders, ironworkers, painters, and steel detailers at the same hourly wage rate (*i.e.*, at their "straight-time" rate) for all hours worked, including hours over forty per workweek.

68. Defendants paid Plaintiffs their first forty hours per workweek in a paycheck and hours worked over forty were paid in cash given in a separate envelope.

69. Defendants paid Jose Jimenez Belliard at the following wage rates:

    (a)    $10.50 per hour in approximately 2014;

    (b)    $11.00 per hour from approximately 2015 through 2016;

    (c)    $13.25 per hour from approximately 2017 through 2018; and

    (d)    $15.00 per hour from approximately 2019 through 2020.

70. Defendants paid Luis Jimenez Belliard at the following wage rates:

    (a)    $20.00 per hour from approximately 2015 through 2017; and

    (b)    $25.00 per hour from approximately 2018 through 2020.

71. Defendants paid Enmanuel Castillo Baez at the following wage rates:

    (a)    $10.00 per hour in approximately 2015;

    (b)    $11.50 per hour in approximately 2016;

    (c)    $17.00 per hour in approximately 2017 and 2018; and

    (d)    $20.00 per hour in 2019 and 2020.

72. Defendants failed to furnish Plaintiffs with a wage notice upon hire and whenever their pay rate changed, as required by the NYLL.

73. Defendants failed to furnish Plaintiffs with accurate statements of wages, hours worked, rates paid, and gross wages, as required by the NYLL.

**Defendants' Failure to Pay Plaintiffs Prevailing Wages**

74. Upon information and belief, Westchester Metal has entered into contracts, as a subcontractor or prime contractor, with public agencies to serve as a contractor in construction, renovation, and excavation projects meant to benefit the public (the "Public Work Projects").

75. Upon information and belief, the Public Work Projects obligated Defendants to pay Plaintiffs and the Class Members at or above the local prevailing hourly wage rates, including required supplemental benefits and overtime premiums for hours worked in excess of forty hours per week, eight hours per day, hours worked on Saturday and Sunday, and hours worked during the evening.

76. Upon information and belief, in furtherance of the Public Work Projects entered into by Defendants, Plaintiffs and other members of the putative Class performed various tasks involving the installation of metal structures.

77. For example, Westchester Metal Works fabricated and erected 3D galvanized panels and stainless-steel railings at Pier 35 East River Waterfront Esplanade in Manhattan, New York.

78. Indeed, the Westchester Metal Works website states that the company performed work at P.S. 163 and P.S. 335, Hudson Yards, Con Edison substations, La Guardia airport parking garage, and the Brooklyn Army Terminal. *See* http://westmetals.net/wordpress/projects/(last accessed on January 27, 2021).

79. Additionally, in or around 2018, Westchester Metal Works performed work at the firehouse in Yonkers.

80. Plaintiff Enmanuel Castillo Baez worked as an ironworker installing metal structures at the job sites, including at Public Work Projects, located throughout New York State.

81. Although Castillo Baez would occasionally work inside the warehouse if work demand was slow, for the majority of his employment he worked "on-site" with other Westchester Metal Works employees installing metal structures at residential and commercial job sites, including at Public Work Projects.

82. For example, Castillo Baez worked as an ironworker at Westchester Metal Works Public Work Projects at firehouses in Yonkers and Nanuet, New York; the Scarsdale Public Library; and the State University of New York at Purchase.

83. Approximately once or twice per month, Defendants required Plaintiff Jose Jimenez Belliard to work "on-site" at job sites, including at Public Work Projects.

84. Castillo Baez, Jose Jimenez Belliard, and other non-exempt employees that worked on-site at job sites, including at the Public Work Projects, worked six days per week, from approximately 6:00 a.m. to between 4:30 p.m. and 6:00 p.m., for approximately sixty-three to seventy-two hours per workweek.

85. Defendants' failure to pay Plaintiffs proper prevailing wage rates, supplemental benefits, and overtime premiums was a corporate policy that also applied to all of Defendants' other similarly situated employees.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

94. Plaintiffs repeat and incorporate by reference all allegations in the preceding paragraphs.

95. Within the last three years, Plaintiffs and the FLSA Collective have been employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 201 *et seq.*, and/or they have been engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 201 *et seq.*

96. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201 *et seq.*, and its supporting federal regulations, apply to Defendants and protect Plaintiffs and the FLSA Collective.

97. Defendants failed to pay Plaintiffs and the FLSA Collective the premium overtime wages to which they are entitled under the FLSA for all hours worked beyond forty per workweek.

98. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective. As such, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 201 *et seq.*

99. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 201 *et seq.*

**SECOND CAUSE OF ACTION**
**New York Labor Law – Overtime Wages**
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

100. Plaintiffs repeat and incorporate by reference all allegations in the preceding paragraphs.

101. Throughout the relevant period, Plaintiffs and the Rule 23 Class have been employees of Defendants, and Defendants have been an employer of Plaintiffs and the Rule 23 Class, within the meaning of Article 19 of the NYLL, section 650 *et seq.*, and its supporting New York State Department of Labor Regulations.

102. Throughout the relevant period, Plaintiffs and the Rule 23 Class have been covered employees under the NYLL.

103. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs and the Rule 23 Class.

104. Defendants have failed to pay Plaintiffs and the Rule 23 Class the appropriate overtime premiums—at time and one-half their regular hourly wage rates—for all hours worked in excess of forty hours per workweek, as required by the NYLL and its supporting New York State Department of Labor Regulations.

105. Through their knowing or intentional failure to pay Plaintiffs and the Rule 23 Class the appropriate overtime wages to which they were entitled for hours worked in excess of forty hours per workweek, Defendants willfully violated the NYLL, Article 19, § 650 *et seq.*, and its supporting New York State Department of Labor Regulations.

106. Due to Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Proper Wage Notices**
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

107. Plaintiffs repeat and incorporate by reference all allegations in the preceding paragraphs.

108. Defendants have failed to supply Plaintiffs and the Rule 23 Class with proper annual wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the

regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

109. Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiffs and the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide them with wage notices, up to five thousand dollars per individual, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-b).

### FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

110. Plaintiffs repeat and incorporate by reference all allegations in the preceding paragraphs.

111. Defendants failed to supply Plaintiffs and the Rule 23 Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages. In the case of the Prevailing Wage Subclass, Defendants' wage notices also failed

to reflect their trade or trades worked in the corresponding workweek and the correct prevailing wage rates.

112. Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiffs and the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, up to five thousand dollars per individual, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-d).

### FIFTH CLAIM
### (Breach of Contract – Third Party Beneficiary)

113. Plaintiffs repeat and incorporate all foregoing paragraphs as if set forth herein.

114. Westchester Metal Works entered into valid and binding multi-million-dollar contracts with the City of New York and City of Yonkers to provide construction services for Public Works.

115. The Public Works contracts that Westchester Metal Works entered into with the City of New York and City of Yonkers, including for example the contracts for the Public Works Projects, required it to pay prevailing wages and supplemental benefits to all laborers, workers, and mechanics working on the Public Works sites.

116. The Public Works contracts incorporated all requirements of the NYLL, including but not limited to the payment of prevailing wages under NYLL § 220.

117. As such, the Public Works contracts intended, *inter alia*, for the payment of prevailing wages and supplemental benefits as a benefit for all laborers, workers, and mechanics who worked on the Public Works sites.

118. This benefit to laborers was immediate, rather than incidental, and a material term in the Public Works contracts.

119. Westchester Metal Works breached its agreements with the City of New York and City of Yonkers by failing to ensure that Plaintiffs and all other putative class members received prevailing wages and supplemental benefits per hour worked on Public Works.

120. As a result of Westchester Metal Work's breaches, Plaintiffs and all other putative class members are entitled to recover their unpaid prevailing wages and supplemental benefits, interest, liquidated damages, and attorneys' fees and costs in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

a. certifying this matter as a class action as soon as practicable and appointing Plaintiffs as class representatives and Plaintiffs' counsel as class counsel;

b. at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all non-exempt who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Westchester Metal Works. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

c. declare that Defendants breached their respective contracts and/or statutory obligations requiring them to pay Plaintiffs and the putative class members prevailing wages and supplemental benefits;

d. declaring that Defendants failed to furnish Plaintiffs with wage notices upon their hiring;

   e. declaring that Defendants' violations of the NYLL were willful;

   f. awarding Plaintiffs and the putative class members damages equal to their unpaid prevailing wages and supplemental benefits, and overtime pay in an amount to be determined at trial;

   g. awarding Plaintiffs and the putative class members pre- and post-judgment interest;

   h. awarding Plaintiffs statutory damages under the WTPA;

   i. awarding Plaintiffs' reasonable attorneys' fees and costs pursuant the NYLL;

   j. awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
    February 5, 2021

           PECHMAN LAW GROUP PLLC

           By: s/Louis Pechman
              Louis Pechman
              Vivianna Morales
              488 Madison Avenue
              New York, New York 10022
              Telephone: (212) 583-9500
              pechman@pechmanlaw.com
              morales@pechmanlaw.com

              *Attorneys for Plaintiffs, the Putative FLSA Collective, and the Putative Rule 23 Sub-Classes*